UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00169

MARIO LUIS GONZALEZ PLIEGO,                                              Petitioner

v.

AMANDA LEIGH HAYES,                                                      Respondent

**MEMORANDUM OPINION AND ORDER**

Petitioner, Mario Lius Gonzalez Pliego, filed a Motion for Fees and Expenses. (Docket No. 91). Respondent, Amanda Leigh Hayes, has responded, (Docket No. 92), and Petitioner has replied, (Docket No. 96). This matter is now ripe for adjudication. For the following reasons, the Court will **GRANT in part** and **DENY in part** Petitioner's Motion.

**BACKGROUND**

This matter arose upon the Petition for Return of Children pursuant to the Hague Convention on the Civil Aspect of International Child Abduction (the "Hague Convention"), and the implementing legislation in the United States, the International Child Abduction Remedies Act ("ICARA"), set forth in 42 U.S.C. § 11601, et seq.

Petitioner requested this Court to enter an Order directing that the parties' minor child be returned to Turkey. (Docket No. 1). The Court held an evidentiary hearing on December 18 and 19, 2014. On January 21, 2014, the Court granted the Petition, (Docket No. 78), and ordered Petitioner to file "any motion for costs and fees, along with the required supporting documentation, within fourteen (14) days from the date of this order," (Docket No. 81). Petitioner filed the pending motion on February 9, 2015. (Docket No. 91).

**DISCUSSION**

The Petitioner has requested total attorney's fees of $150,182.85. This includes: attorney Rebecca McKelvey's 157 hours, billed at $285 and $295 ($47,082.50); attorney Brenton Lankford's 170.5 hours, billed at $250 and $260, ($47,692); Pliego's state court counsel Stephanie Ritchie's 22.10 hours, billed at $200 ($4,420); two paralegals, 182.61 hours billed at $140 ($30,955); for a total of $130,150.00.

Additionally, the petitioner requests his expenses to attend trial ($1,089.88 for Petitioner's airline ticket; $850.89 for his mother's airline ticket; $882.37 for hotel; $162.36 for rental car, taxi, and parking; and $317.03 for meals); expenses for the return of the child ($1,509.52 for Petitioner's airline ticket plus fees for change to ticket; $1,775.12 for airline ticket for the child; $1,906.51 for hotel; $971.79 for rental car; $63.26 for taxi; $248.00 for parking; and $187.04 for meals); trial expenses ($383.25 for deposition transcripts; $2,500 for expert witness fee; and $532.64 for translation/interpreter fees) as well as $500 for supservision fee for visitation with the child; a $481.00 service of process fee; and $5,671.75 for the attorney affidavit of Rebecca KcKelvey.

In her response, the respondent argues that she is currently in Turkey seeking custody of her son, and her visa does not allow her to work. (Docket No. 92). She adds that, "[e]ven prior to traveling to Turkey, [the Respondent's] finances were severely constrained. She worked part-time at a library, making $10.25 dollars per hour. She resided with her mother, and relied on financial help of her family to support herself and her son. She had no medical insurance, instead relying on Medicaid for herself and her son. . . ." *Id.* When the Respondent lived abroad with the Petitioner, she was a stay-at-home mother and the Petitioner was the family's sole provider. The Respondent states that, "[o]ther than a single $1,000 payment, [the Respondent] has received

no child support or financial assistance from [the Petitioner] since April 2014. This is despite the fact that [the Petitioner] earns the equivalent of over $159,000 USD a year, in salary alone, along with numerous savings accounts and substantial investments. . . . [The Respondent] simply does not have the assets or income to pay [the Petitioner's] attorney's fees. She owns no real property. She does not own an automobile. She has no investments and no savings. A judgment awarding legal fees to [the Petitioner] could never be satisfied by her, and it would prevent her from supporting her child for years to come." *Id.*

The Respondent argues that the fees are excessive, and also that certain fees should not be included, such as costs for Petitioner's state court counsel, visitation expenses, meals, and airline change fees due to the child's illness.

Under ICARA, "[a]ny court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3).

The party seeking an award of attorney's fees must submit adequate evidence detailing the hours worked and the rates claimed. *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). Where the attorney's documentation is inadequate, or the claimed hours are duplicative or excessive, the court may reduce the award accordingly. *Wasniewski v. Grzelak–Johannsen*, 549 F. Supp. 2d 965, 972 (N.D. Ohio 2008). "The goal is not to overcompensate counsel with a 'liberal' fee, but to award the 'reasonable' fee necessary to encourage competent lawyers to undertake the representation." *Id*.

3

"A reasonable fee is one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Dowling v. Litton Loan Serv.*, LP, 320 Fed. Appx. 442, 446 (6th Cir. 2009) (quoting *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004).

ICARA gives courts the discretion to reduce or even eliminate a respondent's obligation to pay a prevailing petitioner's attorney's fees and costs where such an award "would be clearly inappropriate." 42 U.S.C. § 11607(b)(3).

The Court notes that the amount of hours put into the preparation of this case, as well as the hourly rates charged, are significant. Additionally, some charges – including meals and hotels, and state court counsel – seem excessive. Having said that, the Court does not question the accuracy of the documented time spent. Attorneys for all parties were professional and well-prepared. Most importantly, however, the Court finds that the Respondent is incapable of paying the amount of fees requested and that it would be "clearly inappropriate" to enter a judgment against her for the full sum. *See* 42 U.S.C § 11607(b)(3). Based on a review of the information and supporting documents, the Court will reduce the overall legal fees by 50%. Therefore, Petitioner shall be awarded $75,091.425 for reasonable attorney's fees and costs. Even with the reduction, it will be difficult for the Respondent to pay the legal fees and costs.

Seemingly, both parents want what is best for the child. As in cases like these, at times judgment has been clouded by personal feelings towards each other. The by-product is the demand for an excessive amount of time spent by legal counsel, and a fee that seems disproportionate when compared to what reasonable minds should have attempted to mediate early in the proceedings. This is not unusual and not the fault of the lawyers. It simply reflects the extremely emotional issue of these proceedings.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED**:

(1) That Petitioner's motion for attorney's fees and costs, (Docket No. 91), is **GRANTED IN PART AND DENIED IN PART**;

(2) That Petitioner is entitled to an award of $75,091.425 in attorney's fees and costs.